UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| THOMAS GRAJEDA, | ) | 1:06-cv-01709-JMD-HC |
|     Petitioner, | )<br>) | ORDER REQUIRING RESPONDENTS TO PRODUCE RECORDS UNDER SEAL FOR IN CAMERA REVIEW |
| v. | ) | |
| RICHARD KIRKLAND, | ) | |
|     Respondent. | ) | |

Petitioner Thomas Grajeda ("Petitioner") is proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**Factual Background**

On December 2, 2002, an information filed against Petitioner alleged that "on or about March 30, 2001, said defendant, Thomas Grajeda, did ...willfully, unlawfully, and with the intent that the crime be committed solicit...Jamie Rosas Munoz...to commit and join in the commission of the murder of Steven Ray Gonzalez." (Pet. at 2; Lod. Doc. 3, Vol 8 at 706). A separate information alleged:

> Count I, on or about the time interval beginning on August 15, 2001, and ending November 30, 2001, inclusive, said defendant, Thomas Grajeda, did...willfully, unlawfully, and with the intent that the crime be committed solicit another...Danny Figueroa to commit and join in the commission of the murder of Alfredo Martinez Jr., aka Yogi, a human being. ¶ Count II, on or about the time interval beginning on August 15, 2001 and ending on August 30, 2001, inclusive, said Defendant, Thomas Grajeda, did...willfully, unlawfully, and with the intent that the crime be committed solicit another...Danny Figueroa, to commit and join in the commission of the murder of Ray Martinez, aka Veneno, a human being.

(Id.) Petitioner, the solicitees, and the prospective victims were all inmates at Corcoran State Prison in California at all times relevant to the information filed by the State. A jury convicted Petitioner of three counts of solicitation of murder in violation of California Penal Code section 653f(b).[1]

At trial, the prosecution's primary evidence against Petitioner consisted of: 1) several small notes, referred to as "kites," purportedly authored by Petitioner; 2) testimony of correctional officers Roper and Montgomery concerning gang practices inside the prison as well as the results of their personal investigation of Petitioner; 3) the expert testimony of a forensic handwriting analyst who testified that Petitioner was the author of the kites entered into evidence; and 4) the testimony of inmate Daniel Figueroa, who stated that Petitioner ordered him to kill two inmates through a series of kites as well as orally in person.

Before trial, Petitioner's trial counsel filed a discovery motion requesting that the trial court conduct an *in camera* review of Roper and Montgomery's personnel files in order to ascertain whether either officer had ever been subject to complaints of, among other things, forging false kites in order to frame inmates. Under California Evidence Code section 1043 and 1045, a defendant is not entitled to a correctional officer's personnel files unless the defendant first makes a threshold showing that the information sought is material to his defense. The trial court denied Petitioner's discovery motion, holding that Petitioner's counsel's declaration in support of the discovery motion was insufficient. As summarized by the California Court of Appeal,

> On December 21, 2002, defendant filed a motion in connection with Kings County Superior Court case No. 02CM7329 2 for pretrial discovery of the personnel records of two correctional officers, John Montgomery and Russell Roper. These officers eventually testified for the People at defendant's trial. Defense counsel filed points and authorities and a declaration in support of this motion. However, the declaration is incorrectly captioned as being in support of a motion for separate trials and it incorrectly states that counsel is representing a person named Jose DeJesus Placentia. In this declaration, defense counsel averred that "arrestees" and others may complain to "said agency concerning its law enforcement officers" about "acts of unnecessary or excessive force, acts demonstrating racial or ethnic prejudice, acts of illegal arrest and improper search and seizure, and acts of dishonesty." The personnel records may contain records of disciplinary proceedings convened as a result of these complaints. Defense counsel averred that the personnel records are relevant because "the defense expects to show that the officers involved are subject to staff misconduct and illegal

---

[1] Section 653f(b) provides: "Every person who, with the intent that the crime be committed, solicits another to commit or join in the commission of murder shall be punished by imprisonment in the state prison for three, six, or nine years." CAL. PEN. CODE § 653f(b) (Deering's 2008)

activities including creating 'false kites' - small notes prisoners pass from cell to cell and enact punitive measure supposedly justified by the kites.

Officers of IGI [Institutional Gang Investigations] use coercion and threats to force confession and other testimony from alleged gang members and are retaliate [sic] against inmates for filing 602 appeals."

The officers opposed the discovery motion. In written opposition, their counsel argued, "discovery is not sought to support [a] defense, but rather [is] an attempt to find a defense. Defendant has also failed to state a valid theory of admissibility."

Argument was held on December 13, 2002. Defense counsel stated that he was seeking information about other complaints involving false kites, as well as coercion and threats of force. Counsel for the officers responded that defense counsel's declaration failed to meet the threshold requirement of showing good cause. The trial court denied the motion without prejudice, finding defense counsel's declaration "insufficient to support the motion."

(Pet., Ex. A at 4-6).

## Discussion

Petitioner asserts, among other contentions, that he was denied effective assistance of counsel in violation of his Sixth Amendment rights due to his trial counsel's failure to renew the motion for pretrial discovery concerning the personnel files of Roper and Montgomery. (Pet. at 24).[2] For Petitioner to prevail on his ineffective assistance of counsel claim, he must show: (1) that counsel's performance was deficient, and (2) that he was prejudiced by the deficient performance. Strickland v. Washington, 466 U.S. 668, 687 (1984). Establishing counsel's deficient performance does not warrant setting aside the judgment if the error had no effect on the judgment. Seidel v. Merkle, 146 F.3d 750, 757 (9th Cir. 1998). A petitioner must show prejudice such that there is a reasonable probability that, but for counsel's unprofessional errors, the result would have been different. Strickland, 466 U.S. at 694.

Petitioner raised his ineffective assistance of counsel claim for the first time in his state habeas petition, which the California Supreme Court summarily denied.

///

///

---

[2] Petitioner also contends he was denied effective assistance of appellate counsel due to his appellate counsel's failure to raise a claim of constitutional error concerning the trial court's denial of the discovery motion.

While a state court's summary denial is considered to be on the merits, see Hunter v. Aispuro, 982 F.2d 344, 347-48 (9th Cir. 1992), because there is no "reasoned" state court decision with respect to Petitioner's ineffective assistance of counsel claim, the Court must conduct an "independent review of the record." See Delgado v. Lewis, 223 F.3d 976, 981-82 (9th Cir. 2000).

Currently, the record does not contain sufficient information for the Court to adjudicate Petitioner's ineffective assistance of counsel claim. Without reviewing the personnel files of Roper and Montgomery, the Court cannot determine whether or not Petitioner was prejudiced by his counsel's alleged deficient performance. If in fact Roper and/or Montgomery's personnel files reveal that either officer had, at the time of Petitioner's trial, forged kites in order to frame inmates in the past, such evidence may be sufficient to establish that Petitioner was prejudiced by his counsel's alleged deficient performance. If, on the other hand, Roper and Montgomery's files do not show that either officer had ever forged kites in the past, the failure of Petitioner's trial counsel to renew the discovery motion did not prejudice Petitioner, and Petitioner cannot prevail on an ineffective assistance of counsel claim.

Accordingly, Respondent is HEREBY ORDERED to produce the personnel files of Officer's Roper and Montgomery, under seal, so that the Court may conduct an *in camera* review.

IT IS SO ORDERED.

**Dated:   April 7, 2009**                /s/ John M. Dixon
                                          UNITED STATES MAGISTRATE JUDGE