# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS GRAJEDA, ) | 1:06-cv-01709-JMD-HC |
| ) | |
| Petitioner, ) | ORDER DENYING RESPONDENT'S |
| ) | OBJECTION TO ORDER REQUIRING |
| v. ) | PRODUCTION OF DOCUMENTS |
| ) | |
| RICHARD KIRKLAND, ) | ORDER REQUIRING RESPONDENT TO |
| ) | EITHER COMPLY WITH THE COURT'S |
| Respondent. ) | PRODUCTION ORDER BY MAY 26, 2009 |
| ) | OR SHOW CAUSE FOR FAILURE TO |
| _____ ) | COMPLY |

## I.     Introduction

On April 8, 2009, the Court ordered Respondent to produce the personnel files of Officers Roper and Montgomery, under seal, so that the Court may conduct an in camera review. Respondent failed to respond to the Court's production order. Accordingly, on May 12, 2009, the Court issued a supplemental order requiring Respondent to either comply with the April 8 order by May 26, 2009, or face appropriate sanctions.

On May 13, 2009, Respondent filed a reply to the Court's supplemental order, contending: 1) Respondent has responded privately to the Court's production order; 2) compliance with the Court's order is precluded by factual impossibility; and 3) production of the documents is prohibited by the Anti-terrorism and Effective Death Penalty Act ("AEDPA") and thus the Court should vacate the April 8 production order.

## II. Respondent's Failure to Comply

Respondent's reply reveals that the Attorney General has failed to make a diligent effort to comply with the Court's production order. The Attorney General's attempt to locate the requested documents merely within its own case file falls far short of compliance with the Court's April 8 production order. The Attorney General states: "A thorough search has been conducted by Attorney General staff, who has [sic] reported that such internal efforts have hit a 'dead-end.' Per suggestion of staff, the undersigned *will be* seeking to determine if part or all of the documents can be externally located." (Reply at 2) (emphasis added). That it took the Attorney General over thirty days to realize that an internal search of its own files had reached a "dead-end" is incomprehensible; it is also irrelevant, as Respondent has a duty to produce the records whether they are located in the Attorney General's files or elsewhere.[1] Significantly, the Attorney General does not contend that the requested records are not in Respondent's custody or control.

The Attorney General fails to provide any legitimate reason for its failure to attempt to obtain the records from the California Department of Corrections and Rehabilitation or other relevant state agencies. Respondent must either produce the records by May 26, 2009, or demonstrate good cause for failing to comply with the Court's order.

## III. Respondent's Claim of Factual Impossibility

Respondent represents to the Court that "factual impossibility precludes Respondent's compliance" with the Court's order. (Reply at 4). Respondent's claim of impossibility is based on Respondent's speculation that the records ordered produced by the Court no longer exist. (Reply at 2). The Attorney General's admission that it has not yet attempted to obtain the records from an external source belies counsel's affirmative assertion that the records do not exist and that it is factually impossible to comply with the Court's order.[2]

---

[1] It appears Respondent's "thorough search" for the records has, to this point, extended no further than the Attorney General's file cabinet. (Reply at 2). The notion that the records ordered produced would be contained in the Attorney General's case file is puzzling, as the records were not produced in any prior proceeding and could not have been obtained without a court order. CAL. PEN. CODE § 832.7(a).

[2] "By presenting to the Court a pleading...an attorney...certifies that to the best of the person's knowledge, information, and belief, *formed after an inquiry reasonable under the circumstances* ...the factual contentions have evidentiary support." Fed. R. Civ. P. 11(b)(3). (emphasis added.).

Respondent's assumption that the records ordered produced no longer exist appears to be based on Respondent's mischaracterization of California law. Respondent contends that "under California law, such records are to be destroyed five years after creation." (Id.) (citing City of Los Angeles v. Superior Court, 29 Cal.4th 1, 11 (Cal. 2002)). The Court has read carefully the cases and statutes cited by Respondent in support of its proposition that California law requires the records at issue in this action to be destroyed after five years. Nothing in either of the cases cited by Respondent, nor in California Penal Code section 832.5(b), supports Respondent's view that destruction of such records is mandatory.[3] Section 832.5(b) states that the records at issue in this case "shall be retained for a period of *at least* five years," CAL. PEN. CODE § 832.5 (2009) (emphasis added), and California Evidence Code section 1045 permits the discovery of records more than five years old where such records contain exculpatory material, City of Los Angeles, 29 Cal.4th at 15 (citing Pennsylvania v. Ritchie, 480 U.S. 39, 46 (1987)). In City of Los Angeles, the California Supreme Court noted that section 832.5 *contemplates* that records *may* be destroyed after five years, subject to the limitation that records whose exculpatory value to a specific case is readily apparent must be retained beyond five years. 29 Cal.4th at 11-12. City of Los Angeles thus reveals that Respondent's position is erroneous for two distinct reasons. First, no California law *requires* destruction of records that are more than five years old; rather, such a result is merely authorized, or "contemplated."[4] See id. Second, records whose exculpatory value to a specific case is readily apparent *may not* be destroyed, even when the records are more than five years old. Respondent's interpretation of California law is thus foreclosed by the very authority on which Respondent relies.[5]

---

[3] Respondent's citations reflect a negligent reading of the case law at best, and at worst, disingenuousness. Given the haste with which Respondent filed its reply, the Court presumes it is confronted with the former situation.

[4] Of course, an agency's policy may establish a practice of destroying records after five years. See City of Los Angeles, 29 Cal.4th at 11. This may in fact be the case with respect to the records subject to the Court's production order. However, absent evidence on the record that such a policy was in fact applied to the records ordered to be produced in this action, Respondent must attempt to comply with the Court's production order in good faith. To date, Respondent has failed to do so.

[5] Respondent also cites Commission on Peace Officer Standards and Training v. Superior Court, 42 Cal.4th 278, 293 (Cal. 2007) for the proposition that personnel records of the type subject to the Court's production order are "to be maintained only for five years." (Reply at 2) (emphasis added). This case, like City of Los Angeles, lends no support to Respondent's

U.S. District Court
E. D. California

3

**IV.    Respondent's Objection**

Respondent asks the Court to "discharge both [production] orders forthwith." (Reply at 4). The Court need not address Respondent's request, as Respondent failed to file a timely motion to reconsider the Court's April 8 production order and that order is now final. See E.D. Cal. R. 72-303(b) (rulings by Magistrate Judges shall be final if no reconsideration is sought within ten days). However, the Court elects to discuss the merits of Respondent's objection because the Court believes that explanation of the law will benefit the parties and clarify the issues in this case for further proceedings.

Respondent contends that "even were such records to exist, it would not be proper for this Court to direct their production...the Court may not consider evidence which was not before the state court at the time it rejected the claim." (Reply at 3). Respondent cites 28 U.S.C. § 2254(d)(2), 28 U.S.C. § 2254(e)(2), Holland v. Jackson, 542 U.S. 649, 652 (2004), and Williams v. Taylor, 529 U.S. 420, 437 (2000) in support of its position.

Section 2254(d)(2) applies only to a decision that "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." By its own terms, section 2254(d)(2) cannot apply where the state court's decision does not rest on a factual determination. Petitioner presented his ineffective assistance of counsel claim for the first time in his state habeas petition before the California Supreme Court, which summarily denied all of Petitioner's claims. Section 2254(d)(2) is irrelevant to Court's April 8 production order, as there has been no State court determination of the facts underlying Petitioner's ineffective assistance of counsel claim. Section 2254(e)(2) is similarly inapposite to Petitioner's ineffective assistance of counsel claim.

///
///

---

assertion that destruction of the records is mandatory. Commission on Peace Officer Standards explains that section 832.5(b) was passed in order to alleviate "concerns...that...law enforcement departments were destroying personnel records in order t prevent discovery...[a]s a result of these concerns, Senate Bill No. 1436 was enacted, requiring that records relating to citizen complaints be maintained for a period of five years." Id. Commission on Peace Officer Standards thus reveals that Respondent's construction of section 832.5 is contrary to both the letter and spirit of the statute.

Like section 2254(d)(2), section 2254(e) applies to "a determination of a factual issue made by a State court." See 28 U.S.C. § 2254(e)(1). Section 2254(e)(2) provides in part, "[i]f the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim."[6] "Under the opening clause of § 2254(e)(2), a failure to develop the factual basis of a claim is not established unless there is lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." Williams, 529 U.S. at 432. "If there has been no lack of diligence at the relevant stages in the state proceedings, the prisoner has not 'failed to develop' the facts," and section 2254(e)(2) does not apply. Id. at 437; see also Frantz v. Hazey, 533 F.3d 724, 745 (2008) (where state court concluded, erroneously, that no facts were required to resolve petitioner's claim, federal habeas court required to hold an evidentiary hearing); Earp v. Ornoski, 431 F.3d 1158, 1166-67 (9th Cir. 2005) (petitioner entitled to an evidentiary hearing where state court does not afford full and fair hearing on an issue); Holland, 542 U.S. at 652-53 (evidentiary hearing permissible where petitioner is not at fault for failing to develop evidence in state court).

The Court finds that Petitioner exercised reasonable diligence in presenting his ineffective assistance of counsel claim to the California Supreme Court. Petitioner clearly articulated his ineffective assistance of counsel claim in his state habeas petition, and Petitioner could not have presented the records ordered produced in this case because Petitioner was not in possession of the records and could not obtain them without a court order. See CAL. PEN. CODE § 832.7(a) (Deering's 2009). The California Supreme Court summarily denied Petitioner's state habeas petition, which precluded Petitioner from procuring and presenting the records. See Cal. R. Court 8.386(f)(1) (Barclay's 2009) (evidentiary hearing held only after Court considers return and traverse).[7]

---

[6] The Court has not ordered an evidentiary hearing in this case. In Holland, however, the Supreme Court held that section 2254(e)(2)'s requirements apply *a fortiori* to evidence offered without an evidentiary hearing. 543 U.S. at 653.

[7] California Rule of Court 8.385 provides "If the petitioner has made the required prima facie showing that he or she is entitled to relief, the court must issue an order to show cause." "Issuance of an OSC signifies the court's preliminary determination that the petitioner has pleaded sufficient facts that, if true, would entitle him to relief. The Penal Code then contemplates the custodian of the confined person shall file a responsive pleading, called a return, justifying the confinement." People v. Duvall, 9 Cal.4 th 464, 475-76 (Cal. 1995). Here, the California Supreme Court issued a summary denial without ordering Respondent to file a return. Thus, Petitioner was not entitled to an evidentiary hearing, as California Rule of Court 8.386(f)(1) states "[a]n evidentiary hearing is required *if, after* considering the verified petition, the return, any traverse, any

The failure of Petitioner to present the records at issue to the California Supreme Court was not due to a lack of diligence on Petitioner's part, and thus section 2254(e)(2) does not prohibit the Court from receiving the records as evidence. See, e.g., Williams, 529 U.S. at 432; Holland, 542 U.S. at 653.

Respondent's request that the Court discharge the April 8, 2009 order requiring production of documents is untimely and is therefore denied. E.D. Cal. R. 72-303(b). Further, Respondent's objection lacks merit. Respondent must comply with the Court's April 8 production order by May 26, 2009, or show cause for failure to comply.

Accordingly, it is HEREBY ORDERED that:

1) Respondent's request that the Court discharge the order requiring production of documents is DENIED; and

2) Respondent shall either comply with the Court's April 8, 2009 production order, or show cause for failure to comply, by May 26, 2009.

IT IS SO ORDERED.

**Dated:　May 19, 2009**　　　　　　　　／s／ **John M. Dixon**
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

---

affidavits or declarations under penalty of perjury, and matters of which judicial notice may be taken, the court finds there is a reasonable likelihood that the petitioner may be entitled to relief and the petitioner's entitlement to relief depends on the resolution of an issue of fact." (emphasis added).